# Case No. 24-1753

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

OLUWAKEMI ADEWOL, ET
AL,

*Plaintiff-Appellant*

v.

TGINESIS LLC,

*Defendant-Appellee*

On Appeal from the United States District Court
For the District of Maryland, No. GLR-23-00509
Before the Honorable George L. Russell III

## BRIEF OF APPELLANT

Steffan T. Keeton

The Keeton Firm LLC
100 S. Commons,
Ste. 102
Pittsburgh, PA 15212
Telephone: (888) 412-5291
stkeeton@keetonfirm.com

*Counsel for Appellant*

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __24-1753__    Caption: __Oluwakemi Adewol v. TGINESIS LLC__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Oluwakemi Adewol__
(name of party/amicus)

_____

who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐YES ☑NO

2. Does party/amicus have any parent corporations? ☐YES ☑NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐YES ☑NO
   If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?                    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?                    ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.      Is this a criminal case in which there was an organizational victim?          ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: __/s/ Steffan T. Keeton_____          Date: ____September 9, 2024____

Counsel for: __Appellant_____

- 2 -

Print to PDF for Filing

# TABLE OF CONTENTS

**JURISDICTION**      **1**

**STATEMENT OF ISSUES**      **1**

**STATEMENT OF THE CASE**      **2**

**SUMMARY OF ARGUMENT**      **6**

**STANDARD OF REVIEW**      **7**

**ARGUMENT**      **9**

**A.**      **The District Court Erred by Relying Upon Extrinsic Evidence Not Attached nor Integral to the Complaint.**      **9**

**B.**      **The District Court Erred By Assuming Facts Not Within The Complaint Nor The Record.**      **12**

**C.**      **The District Court Erred When It Failed To Accept The Factual Allegations In The Complaint As True And Construe The Factual Allegations In The Light Most Favorable To The Plaintiff.**      **13**

     1.     Twombly does not give the District Court license to choose which facts to believe.      14

     2.     Plaintiff plausibly alleges Defendant's deceptive "natural" representation violates the Maryland Consumer Protection Act.      17

     3.     Plaintiff's plausible interpretation has been supported by other courts under the reasonable consumer standard throughout the country.      20

     4.     Defendant's deception is not shielded by its use in a brand name.      21

     5.     The District Court's Reliance on the Asterisk and Its Theory of the Targeted Market Also Fail      23

**D.**      **The District Court Erred When It Held That Plaintiff Failed To Allege a Cognizable Injury**      **24**

**E.**      **District Court Erred By Dismissing With Prejudice And Not Allowing Plaintiff To Amend The Complaint.**      **25**

**CONCLUSION**      **26**

**STATEMENT REGARDING ORAL ARGUMENT**      **27**

**CERTIFICATE OF COMPLIANCE**      **28**

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...................................................................................................7, 8, 14, 15

*Ayres v. Ocwen Loan Servicing, LLC,*
    129 F. Supp. 3d 249 (D. Md. 2015)...............................................................................25

*Aziz v. Alcolac, Inc.,*
    658 F.3d 388 (4th Cir. 2011).............................................................................................7

*Bazemore v. Best Buy,*
    957 F.3d 195 (4th Cir. Apr. 21, 2020) ..............................................................................7

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)...................................................................................8, 14, 16, 18

*Bell v. Publix Super Markets, Inc.,*
    982 F.3d 468 (7th Cir. 2020)................................................................................14, 19

*Binakonsky v. JM Brands, Inc.,*
    2022 WL 2757674 (W.D. Pa. July 14, 2022) .................................................................21

*Brady v. Bayer Corp.,*
    237 Cal. Rptr. 3d 683 (2018) .........................................................................................22

*Brown v. Hain Celestial Grp., Inc.,*
    913 F. Supp. 2d 881 (N.D. Cal. 2012) ..........................................................................22

*Carey v. Throwe,*
    Case No. 19-1194, 2020 WL 2071060 (4th Cir. Apr. 30, 2020) ......................................8

*Corpuz v. Bayer Corp.,*
    No. 22-CV-1085-MMA (JLB), 2024 WL 69908 (S.D. Cal. Jan. 5, 2024) .........................20

*Dolgaleva v. Virginia Beach City Pub. Sch.,*
    364 F. App'x 820 (4th Cir. 2010)...................................................................................10

*Dumont v. Reily Foods Co.,*
    934 F.3d 35 (1st Cir. 2019) ............................................................................................18

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,*
    637 F.3d 435 (4th Cir. 2011)..........................................................................................10

*Early v. Henry Thayer Co., Inc.,*
    2021 WL 3089025 (E.D. Mo. July 22, 2021) .................................................11, 21, 22

*Edwards v. City of Goldsboro,*
    178 F.3d 231 (4th Cir. 1999)..........................................................................................25

*Electric Props. East, LLC v. Marcus & Millichap Co.,*
    751 F.3d 990 (9th Cir. 2014)..........................................................................................19

*Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.*,
  23 F.4th 1195 (9th Cir. 2022) ...........................................................................................15

*Garnett v. Remedi Seniorcare of Virginia, LLC*,
  892 F.3d 140 (4th Cir. 2018)...............................................................................................7

*Giant Food, Inc. v. F.T.C.*,
  322 F.2d 977 (D.C. Cir. 1963) ...........................................................................................19

*Giarratano v. Johnson*,
  521 F.3d 298 (4th Cir. 2008)................................................................................................8

*Goldemberg v. Johnson & Johnson*,
  8 F. Supp. 3d 467 (S.D.N.Y. 2014).............................................................................21, 22

*Gregorio v. Clorox Co.*,
  No. 17-CV-03824-PJH, 2018 WL 732673 (N.D. Cal. Feb. 6, 2018) ................................20

*Guerrero v. Ollie's Bargain Outlet, Inc.*,
  No. 22-1402, 2024 WL 3928094 (4th Cir. Aug. 26, 2024) ..................................................9

*Hall v. DIRECTV, LLC*,
  846 F.3d 757 (4th Cir. 2017)................................................................................................8

*Hately v. Watts*,
  917 F.3d 770 (4th Cir. 2019)................................................................................................7

*Hill, By & Through Covington v. Briggs & Stratton*,
  856 F.2d 186 (4th Cir. 1988)..............................................................................................15

*Holve v. McCormick & Co., Inc.*,
  334 F. Supp. 3d 535 (W.D.N.Y. 2018) ...............................................................................21

*In re 5-hour ENERGY Mktg. & Sales Pracs. Litig.*, No. MDL 13-2438 PSG PLAX,
  2014 WL 5311272 (C.D. Cal. Sept. 4, 2014).....................................................................22

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008).............................................................................................16

*Jou v. Kimberly-Clark Corp.*,
  2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) ....................................................................20

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018)...............................................................................................11

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir.2001)................................................................................................10

*Lloyd v. Gen. Motors Corp.*,
  397 Md. 108, 143, 916 A.2d 257 (Md. 2007) .....................................................................25

*Lozano v. Walmart, Inc.*,
  No. CV 23-4500-SPG-MAR, 2024 WL 412606 (C.D. Cal. Feb. 1, 2024).........................20

*Maisel v. S.C. Johnson & Son, Inc.*,
No. 21-CV-00413-TSH, 2021 WL 1788397 (N.D. Cal. May 5, 2021) ....................................20

*Moore v. Mars Petcare US, Inc.*,
966 F.3d 1007 (9th Cir. 2020) ....................................18

*Moore, v. GLAXOSMITHKLINE*,
No. 20-CV-09077-JSW, 2021 WL 3524047 (N.D. Cal. Aug. 6, 2021)....................................20

*Morales v. Unilever U.S., Inc.*,
No. CIV. 2:13-2213 WBS E, 2014 WL 1389613 (E.D. Cal. Apr. 9, 2014) ....................................20, 23

*Munsell v. Colgate-Palmolive Co.*,
463 F. Supp. 3d 43 (D. Mass. 2020) ....................................21

*Nanni v. Aberdeen Marketplace, Inc.*,
878 F.3d 447 (4th Cir. 2017)....................................8

*Nolan v. Lab'y Corp. of Am. Holdings*,
No. 23-1282, 2024 WL 1554760 (4th Cir. Apr. 10, 2024) ....................................15

*Orrico v. Nordic Naturals., Inc.*,
No. 22-CV-03195-NRM-CLP, 2023 WL 6308015 (E.D.N.Y. Sept. 28, 2023) ....................................21, 22, 24

*Paulino v. Conopco, Inc.*,
No. 14-CV-5145 (JG)(RML), 2015 WL 4895234 (E.D.N.Y. Aug. 17, 2015) ....................................21, 22

*Phillips v. LCI Int'l Inc.*,
190 F.3d 609 (4th Cir. 1999)....................................9

*Przybylak v. Bissell Better Life LLC*,
No. CV 19-2038 PA (GJSX), 2019 WL 8060076 (C.D. Cal. July 19, 2019) ....................................20

*Reid v. Johnson & Johnson*,
780 F.3d 952 (9th Cir. 2015)....................................18

*Robinson v. Williams*,
59 F.4th 113 (4th Cir. 2023) ....................................13

*Rochon v. City of Angola, La.*,
122 F.3d 319 (5th Cir. 1997) ....................................15

*Sebastian v. Kimberly-Clark Corp.*,
2017 WL 6497675 (S.D. Cal. Dec. 18, 2017)....................................20, 23

*Sec'y of State for Defence v. Trimble Navigation Ltd.*,
484 F.3d 700 (4th Cir. 2007)....................................9

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011)....................................15, 17

*Whitney v. Guys, Inc.*,
700 F.3d 1118 (8th Cir. 2012)....................................16

*Williams v. Gerber Prod. Co.*,
552 F.3d 934 (9th Cir. 2008)....................................18

*Wright v. North Carolina,*
    787 F.3d 256 (4th Cir. 2015)..............................................................................................8

*York v. Andalou Naturals, Inc.,*
    2016 WL 7157555 (S.D. Ill. Dec. 8, 2016).....................................................................21, 23

## Rules

Fed. R. Civ. P. 15(a)(2)......................................................................................................25

Fed. R. Civ. P. 8(a)(2)........................................................................................................14

# JURISDICTION

This action was initially filed as a class action by Appellant, Oluwakemi Adewol ("Plaintiff") in the District Court of Maryland. The District Court had subject-matter jurisdiction under 28 U.S.C. § 1332(d).

This appeal is from the District Court's order granting Appellee's motion to dismiss and dismissing Appellant's claims in their entirety. JA109-122. This Court therefore has jurisdiction under 28 U.S.C. § 1291.

The District Court entered its order on July 10, 2024. JA122. (Doc. 32). A timely notice of appeal was filed on August 9, 2024. JA123. (Doc. 33).

# STATEMENT OF ISSUES

In this case Plaintiff/Appellant alleges that TGINESIS used false, deceptive and misleading representations when it misrepresented its Products as "natural" despite the Product's inclusion of multiple synthetic ingredients. The District Court found that Plaintiff had insufficiently alleged that Defendant's conduct was deceptive or that Plaintiff had pled a cognizable injury. Without oral argument, the District Court proceeded to dismiss the action with prejudice. The Appellant raises the following issues for this appeal:

1. Whether the District Court erred by seeking out and relying upon extrinsic evidence that was not attached or integral to the Complaint in dismissing the Complaint?

2. Whether the District Court erred when it assumed key language on the Product's label without evidence and relied upon that assumption in dismissing the Complaint?

3. Whether the District Court erred by failing to accept the factual allegations in the Complaint as true and holding that no reasonable consumer would be deceived by the Product's label?

4. Whether the District Court erred in holding that Plaintiff failed to allege a cognizable injury?

5. Whether the District Court should have granted Plaintiff leave to amend instead of dismissing the case with prejudice?

## STATEMENT OF THE CASE

The relevant facts are set forth in the First Amended Complaint. JA004-031. The First Amended Complaint contains 27 pages of detailed allegations. Indeed, the First Amended Complaint contains ample facts about the Product at issue, including the Product's ingredients, the Product's labeling, and consumer response thereto. Below Plaintiff summarizes her key allegations.

To capitalize on consumers' growing interest in and demand for natural and healthy products, Defendant has uniformly labeled the Product with the word "NATURAL," with the word "NATURAL" prominently appearing in capitalized font on the front of the label. JA015, ¶¶ 43–44. An image of the front label of the

Product is shown below.



The "NATURAL" claim on the Product's label, which emphatically spotlights the word "NATURAL" using capitalized text, communicates to reasonable consumers that the Product is natural and not composed of synthetic ingredients. *See* JA005-006, ¶¶ 5–13; JA012-019, ¶¶ 31–58.

Unfortunately for consumers, the "NATURAL" vitamins contain multiple synthetic ingredients. JA016, ¶¶ 47-48. The Product contains the following synthetic ingredients:

- Citric Acid; and

- Red No. 40.

JA016, ¶¶ 47-48. Defendant profits enormously from its deceptive labeling of the

Product, and its "NATURAL" representation was designed to, and did, deceive consumers including Plaintiff into paying a premium price for the Product. *See* JA020-022, ¶¶ 60-67. Had Defendant not made the false and misleading "NATURAL" representation, Plaintiff and the class members would not have been willing to pay the same amount for the Product they purchase and/or would not have been willing to purchase the Product at all. JA020-022, ¶¶ 60-67.

Plaintiff, a resident of Maryland, purchased the Product during the class period on multiple occasions. JA008-010, ¶ 20. Plaintiff purchased and paid a price premium for the "NATURAL" Product because she wanted vitamins that were natural, and Defendant's Product esd labeled that it was "NATURAL." JA006, ¶¶ 6-12. She relied on the deceptive labeling in making her purchases and was misled into thinking the Product was natural. JA008-010, ¶ 20. Had she known at the time that the Product was not, in fact, natural but was instead made with unnatural, synthetic ingredients, she would not have purchased the Product or paid a premium price for it. JA008-010, ¶20.

Plaintiff filed her original Complaint on February 24, 2023. JA002. In the Complaint, Plaintiff alleges claims on behalf of a Nationwide Class, a Maryland Class, and a Multi-State Consumer Class for violations of consumer protection statutes of specific states and unjust enrichment.

On July 5, 2023, Defendant moved to dismiss for failure to state a claim,

for failure to plead with particularity pursuant to Federal Rule of Civil Procedure 9(b), and for lack of standing. JA002. In response, Plaintiff filed a Notice of Amended Complaint on July 20, 2023, and after agreeing to an adjustment of the schedule, Plaintiff filed her First Amended Complaint on August 17, 2023. JA004-031.

On October 2, 2023, Defendant moved to dismiss the First Amended Complaint for failure to state a claim, for failure to plead with particularity pursuant to Federal Rule of Civil Procedure 9(b), and for lack of standing. JA032-076. Plaintiff filed her opposition on October 31, 2023. JA077-095. Defendant filed its reply on November 20, 2023. JA096-108.

On July 10, 2024, the District Court issued a Memorandum Opinion. JA109-121 ("Opinion"). In the Opinion, the District Court ruled that Plaintiff failed to state a cause of action under the Maryland Consumer Protection Act ("MCPA") because she failed to plausibly plead deceptive conduct. JA116-120. Additionally, the District Court held that Plaintiff failed to state a cause of action for a violation of the MCPA due to a failure to plead a cognizable injury. JA120-121.

This appeal timely followed.

## SUMMARY OF ARGUMENT

In granting the motion to dismiss with prejudice, the District Court erred in numerous ways.

*First*, the District Court erred by seeking extrinsic evidence to support an alternative interpretation of the Product's label and relying upon that extrinsic evidence to ignore Plaintiff's plausible, reasonable, and well-cited allegations. The extrinsic evidence relied upon was not attached nor integral to the Complaint. Moreover, it is not relevant because Plaintiff makes no allegation that she visited either website. Additionally, it is not inherently authentic because it is unknown whether the same information was available during the Class Period, and it was obtained 16 months after this litigation commenced.

*Second*, the District Court erred when it assumed without any evidence that the language connected to the asterisk directed consumers to the ingredients list and relied upon this assumption in dismissing the Complaint with prejudice.

*Third*, the District Court erred when it held that no reasonable consumer could interpret "natural" as meaning that the Product is free of synthetic ingredients. The District Court failed to accept the Complaint's allegations as true and construe the facts in the light most favorable to the Plaintiff.

*Fourth*, the District Court erred when it held that Plaintiff failed to allege a cognizable injury. Plaintiff identifies, *inter alia*, a cognizable injury in the amount paid for the Product.

The District Court's dismissal ultimately rests on its belief that "natural" as presented on the Product's label only has one reasonable interpretation, and its declination to account for the 98 paragraphs of well-pleaded facts in the Complaint including facts sourced from federal regulators, academic studies, consumer studies, and evidence of putative class members that were deceived.

*Finally*, the District Court should have permitted Plaintiff an opportunity to amend to correct any alleged deficiencies.

## STANDARD OF REVIEW

The standard of review for an order granting a motion to dismiss for failure to state a claim is reviewed *de novo*. *Garnett v. Remedi Seniorcare of Virginia, LLC*, 892 F.3d 140, 142 (4th Cir. 2018).

A dismissal is improper when a complaint contains sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face. *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. Apr. 21, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)). In other words, the factual allegations must "raise a right to relief above the speculative level, thereby nudging the claims across the line from conceivable to plausible." *Hately v. Watts*,

917 F.3d 770, 782 (4th Cir. 2019) (quoting *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011)).

In assessing the sufficiency of a complaint, courts take all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017). The Court does not, however, need to accept unwarranted inferences or unreasonable conclusions or arguments. *Carey v. Throwe*, Case No. 19-1194, 2020 WL 2071060, at *3 (4th Cir. Apr. 30, 2020) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)). "Although it is true that 'the complaint must state a plausible claim on its face, it is to be construed liberally so as to do substantial justice, since a plaintiff need only give the defendant fair notice of what the claim is and the grounds on which it rests.'" *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (quoting *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015)).

Indeed, this plausibility standard is not akin to a probability test, but instead, allows this Court to infer more than a sheer possibility of misconduct based upon "its judicial experience and common sense." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ARGUMENT

### A. The District Court Erred by Relying Upon Extrinsic Evidence Not Attached nor Integral to the Complaint.

Rather than limiting itself to the four corners of the Complaint, the District Court conducted its own factual research, sought extrinsic evidence, scanned the Internet to find evidence that aligned with Defendant's argument, and relied upon that information to erroneously dismiss the Complaint with prejudice. This is improper. *Guerrero v. Ollie's Bargain Outlet, Inc.*, No. 22-1402, 2024 WL 3928094, at *4 (4th Cir. Aug. 26, 2024) ("At the pleadings stage, courts are limited to considering the four corners of the complaint and the documents attached or incorporated thereto.").

While a court, in limited circumstances, may step outside the complaint's four corners, it cannot conduct an expedition to discover extrinsic evidence that is not attached, incorporated, or integral to the Complaint. The extrinsic sources relied upon by the District Court fail to meet any of these exceptions.

In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document

"was integral to and explicitly relied on in the complaint" and there was no authenticity challenge). "However, the district court cannot go beyond these documents on a Rule 12(b)(6) motion; if it does, it converts the motion into one for summary judgment." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

A motion brought under Rule 12(b)(6) is not the proper setting for a court to finalize a dispositive ruling on disputed facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001) (finding error where the district court "assumed the existence of facts that favor defendants based on evidence outside plaintiffs' pleadings, [and] took judicial notice of the truth of disputed factual matters"). Rather, "[on] a motion to dismiss, the district court's obligation is to test the sufficiency of the complaint to see if it alleges a claim for which relief can be granted." *Dolgaleva v. Virginia Beach City Pub. Sch.*, 364 F. App'x 820, 825 (4th Cir. 2010).

Here, the District Court erred when it sought extrinsic evidence and relied upon information from two websites that were not attached nor integral to the Complaint.[1] None of the information obtained by the District Court's research was presented to the Appellant at the time of sale. She never alleged that she visited

---

[1] *See* JA119. In dismissing the Complaint, the District Court relied upon information obtained from Defendant's website as well as the Ulta website from June 2024.

either website, and thus she could not have relied on those representations. Simply put, the way a brand may be presented on its website is of minimal import when no allegations or claims originate from the website.[2] Moreover, the District Court provides minimal descriptions of these pieces of information other than one brief sentence for each website. These statements are the only items that the District Court references while it fails to include any other information despite the fact that there is information on the two websites that could also support Plaintiff's claims.

Further troubling is that the websites relied upon by the District Court are not inherently accurate. The websites were relied upon by the District Court over sixteen months after this litigation commenced, a period well outside the period of Plaintiff's purchases. There is a strong likelihood that the websites have changed over this long period of time, and an extremely strong likelihood that the websites have changed as a result of this litigation. Simply put, even if the sources cited by the District Court's independent research were deemed attached to or otherwise

_____

[2] *See, e.g.*, *Early v. Henry Thayer Co., Inc.*, No. 4:20-CV-1678 RLW, 2021 WL 3089025, at *12 (E.D. Mo. July 22, 2021) ("There are no allegations that Plaintiff has visited or seen [Defendant's] website or any social media posts, let alone that she relied on any of the statements it made therein. Online statements that Plaintiff never saw cannot form the basis of any bargain between Plaintiff and [Defendant]."); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (district court abused discretion by, among other things, "incorporating-by-reference" a blog post briefly quoted in a footnote of the complaint because the post formed no basis of any claim).

integral to the Complaint, the District Court's failure to obtain website information for the correct period of time renders the information not inherently accurate.

Rather than considering the facts contained in the Complaint, the District Court improperly sought extrinsic evidence and relied upon this extrinsic evidence in dismissing the Complaint with prejudice after concluding that "no reasonable consumer, purchasing a beauty product in a beauty store, would interpret the word 'natural' alone to mean that all of the product's ingredients are natural." This is improper.

## B.  The District Court Erred By Assuming Facts Not Within The Complaint Nor The Record.

The District Court erred by assuming facts not presented in the Complaint nor in a request for judicial notice presented by either party. The District Court states – and relies upon in making its determination that no reasonable consumer would be deceived – that "the term 'natural' on the Product is followed by an asterisk, which directs consumers to the ingredient list. (Am. Compl., ¶¶ 44, 47.)" Neither cited paragraph – nor any section in the Complaint – contains that language or the actual language sourced to the asterisk. Paragraph 44 shows the "natural" representation while Paragraph 47 shows the ingredients. The District Court's leap connecting these two paragraphs is not presented. Further, the actual language linked to the asterisk is not presented anywhere else in the record. The District Court created this "fact" without any evidence, and then relied upon this

"fact" when it held that no reasonable consumer could be deceived by the "natural" representation. This is improper. *Robinson v. Williams*, 59 F.4th 113, 119 (4th Cir. 2023) (vacating summary judgment and remanding where district court erroneously stated a critical fact).

### C. The District Court Erred When It Failed To Accept The Factual Allegations In The Complaint As True And Construe The Factual Allegations In The Light Most Favorable To The Plaintiff.

The District Court failed to accept the factual allegations in the Complaint as true and construe the allegations in the light most favorable to Plaintiff. While the District Court may have preferred an alternative interpretation of the Product's label, that is insufficient to dismiss the case with prejudice.

In dismissing the case, the District Court held that the Product label is not deceptive to a reasonable consumer. The District Court supports this finding by relying on four faulty pillars. First, the District Court ignores the Complaint's numerous citations to academic studies,[3] FDA guidance,[4] FTC guidance,[5] and even public product reviews showing other class members that have been similarly deceived,[6] by finding that "natural" is not synonymous with "100% natural" to a reasonable consumer. Second, the District Court assumes without any evidence

---

[3] JA014, ¶40 n.10.
[4] JA017, ¶48(b) n.15.
[5] JA013-014, ¶36; ¶38; ¶39 n.9.
[6] JA019, ¶58.

that the asterisk directs consumers to the ingredients list. Third, the District Court finds that the "natural" representation's use as part of a brand name and the presence of a registered trademark symbol cures the deception. Fourth, the District Court uses extrinsic evidence that was never presented to Plaintiff prior to her purchase to establish the District Court's conclusion about the Product's targeted audience.

As described herein, each of these four arguments fail. The critical flaw in the District Court's analysis is that its conclusion is foundationed on the District Court's belief that its interpretation is the only accurate interpretation. It is improper to rule definitively on these facts at this stage simply because there might be a competing argument or defense presented to the court. *See Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 481 (7th Cir. 2020) ("These are matters of fact, subject to proof that can be tested at trial, even if as judges we might be tempted to debate and speculate further about them.").

1. *Twombly does not give the District Court license to choose which facts to believe.*

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the United State Supreme Court has interpreted Rule 8(a) in the *Twombly/Iqbal* line of cases, a sufficiently pled claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Twombly*, 550 U.S. at 555. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *accord Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to "accept as true the well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Nolan v. Lab'y Corp. of Am. Holdings*, No. 23-1282, 2024 WL 1554760, at *4 (4th Cir. Apr. 10, 2024). "[D]ismissal will be affirmed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rochon v. City of Angola, La.*, 122 F.3d 319, 320 (5th Cir. 1997); *accord Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.*, 23 F.4th 1195, 1199 (9th Cir. 2022). "In accordance with Federal Rules liberal policy towards pleadings, the motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted." *Hill, By & Through Covington v. Briggs & Stratton*, 856 F.2d 186 (4th Cir. 1988). The pleading "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Rule 8 is not a docket clearing device. "The plausibility standard is not akin to a 'probability requirement' . . . ." *Iqbal*, 556 U.S. at 678. On the contrary, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556; *accord In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) (finding that trial court's "incredulity" was not a proper ground for granting a motion to dismiss and faulting the court for being "unwilling to accept" allegations as true). The plausibility requirement is objective and is not "measured with reference to what a particular . . . judge deems to be subjectively reasonable behavior." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1130 (8th Cir. 2012).

Unfortunately, the District Court did not adhere to these rules. Instead of viewing the alleged facts in the light most favorable to Plaintiff and drawing reasonable inferences in Plaintiff's favor, the District Court found the factual allegations unpersuasive and dismissed them. In its review, the District Court adopted the Defendant's interpretation of the product label, sought extrinsic evidence to support that interpretation, erroneously relied upon the "fact" concerning the asterisk, and ignored Plaintiff's well-pled and well-cited Complaint.

This erroneous approach in analyzing the pleadings runs afoul of both the Supreme Court of the United States and the Fourth Circuit. The reasonable

consumer's interpretation of the Product's label is an issue of fact that cannot be resolved at this stage because it is a disputed fact. When the proper standard is applied, it is clear that Plaintiff's claims were adequately pled, and the District Court should have denied the motion to dismiss.

   2. *Plaintiff plausibly alleges Defendant's deceptive "natural"*
      *representation violates the Maryland Consumer Protection Act.*

Plaintiff sufficiently alleges that Defendant's deceptive "natural" representation violates the Maryland Consumer Protection Act. The deceptive conduct is tied to Defendant's false and misleading product packaging. The central question presented is whether a reasonable consumer could be misled by the Product's label.

When Plaintiff's allegations are accepted as true, construed in the light most favorable to Plaintiff, and reasonable inferences are drawn therefrom, it is clear her claims are properly pled. Plaintiff has sufficiently alleged the "underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Starr*, 652 F.3d at 1216. As discussed in detail above, Defendant represented that the Product is natural by denominating it as such using word "NATURAL" in a large, capitalized font on the front label. In truth, the Product contains numerous synthetic ingredients. Defendant simply affixed the capitalized word "NATURAL" to the labeling to make its products more appealing to the consuming public, thereby enabling it to increase sales and charge a premium price. The studies and

surveys cited by Plaintiff confirm and bolster the Complaint's factual allegations. This is not merely a "formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555. Rather, this detailed pleading is in full compliance with Rule 8(a) and, furthermore, Rule 9(b).

An allegation of deceptiveness is not a conclusion or question of law that the court can simply reject on a motion to dismiss based on the individual judge's evaluation of whether the defendant's alleged conduct is deceptive. Vitally, under the reasonable consumer standard, "'[w]hether a practice is deceptive will usually be a question of fact not appropriate for decision on demurrer' or motions to dismiss." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) (quoting *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)); *see also Dumont v. Reily Foods Co.*, 934 F.3d 35, 41 (1st Cir. 2019) ("[W]e think it best that six jurors, rather than three judges, decide on a full record whether the challenged label 'has the capacity to mislead' reasonably acting, hazelnut-loving consumers."). The reasonable consumer standard "raises questions of fact that are appropriate for resolution on a motion to dismiss only in 'rare situation[s].'" *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). There were ample facts alleged from which a trier of fact could find Defendant's practices deceptive. The Complaint's allegations are supported by numerous sources including academic

studies,[7] FDA guidance,[8] FTC guidance,[9] and even public product reviews showing the experiences of other class members that have been similarly deceived.[10]

To the extent that the District Court might agree with another potentially plausible interpretation, that is not dispositive. Simply put, when a Plaintiff presents a plausible theory of deception, her burden is met regardless of the existence of another plausible interpretation. In other words, "a tie goes to the plaintiff when there are multiple plausible theories at the pleadings stage of litigation." *Electric Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 999 n.8 (9th Cir. 2014); *see also Giant Food, Inc. v. F.T.C.*, 322 F.2d 977, 981 (D.C. Cir. 1963) (a statement or omission may convey more than one reasonable meaning, and if one of those meanings is deceptive, it is an actionable deception.). Rather, where, as here, "a plaintiff's interpretation of a challenged statement is *not* facially illogical, implausible, or fanciful, then a court may *not* conclude that it is nondeceptive as a matter of law." *Bell*, 982 F.3d at 493 (Kanne, J., concurring).

---

[7] JA014, ¶40 n.10.
[8] JA017, ¶48(b) n.15.
[9] JA013-014, ¶36; ¶38; ¶39 n.9.
[10] JA019, ¶58.

### 3. *Plaintiff's plausible interpretation has been supported by other courts under the reasonable consumer standard throughout the country.*

Despite asserting that "[c]ourts consistently dismiss similar claims that a product label is misleading based on the word 'natural[,]'"[11] the District Court misinterprets the case law. Instead, courts – reviewing under the reasonable consumer standard – throughout the country have consistently held the opposite.[12]

---

[11] JA120.

[12] *See, e.g.*, *Corpuz v. Bayer Corp.*, No. 22-CV-1085-MMA (JLB), 2024 WL 69908, at *3 (S.D. Cal. Jan. 5, 2024) (holding that "natural" may plausibly indicate that a product does not contain synthetic ingredients); *Lozano v. Walmart, Inc.*, No. CV 23-4500-SPG-MAR, 2024 WL 412606, at *10 (C.D. Cal. Feb. 1, 2024) (holding that "natural" plausibly informs consumers that a product does not contain synthetic ingredients). *Moore, v. GLAXOSMITHKLINE*, No. 20-CV-09077-JSW, 2021 WL 3524047, at *8 (N.D. Cal. Aug. 6, 2021) ("Numerous courts in the Ninth Circuit have found it plausible that a reasonable consumer could understand similar 'natural' statements, including '100% natural,' 'natural,' and 'naturally-sourced,' to mean that a product does not contain any non-natural ingredients."); *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-CV-00413-TSH, 2021 WL 1788397, at *3 (N.D. Cal. May 5, 2021) (accepting plaintiff's interpretation that "natural" labeling could be interpreted by a reasonable consumer as containing only natural ingredients); *Gregorio v. Clorox Co.*, No. 17-CV-03824-PJH, 2018 WL 732673, at *4 (N.D. Cal. Feb. 6, 2018) ("[i]t is not unreasonable as a matter of law to expect a product labeled 'naturally derived' to contain no synthetic ingredients ... [a]nd "the phrase ['naturally derived'] may be tantamount to, or at least could reasonably be understood to mean 'all natural' or '100% natural."); *Przybylak v. Bissell Better Life LLC*, No. CV 19-2038 PA (GJSX), 2019 WL 8060076, at *6 (C.D. Cal. July 19, 2019) ("Plaintiffs plausibly allege that Defendant falsely or misleading represented that its products were natural or plant-derived, that a reasonable consumer would rely on those representations in purchasing Defendant's products, and that a reasonable consumer would understand those representations to mean that the products did not contain unnatural or synthetic ingredients."); *Sebastian v. Kimberly-Clark Corp.*, 2017 WL 6497675 (S.D. Cal. Dec. 18, 2017) (holding that "Natural Care" product name could lead a reasonable consumer to believe that the product is free of synthetic ingredients; *Jou v. Kimberly-Clark Corp.*, 2013 WL

As shown by the jurisdictional breadth, Plaintiff's interpretation is neither unique nor novel, and these are not isolated cases but rather show that a reasonable consumer could be deceived.

### 4. Defendant's deception is not shielded by its use in a brand name.

The District Court ruled that a defendant may be shielded from its deceptive conduct by using it as part of a brand name or the presence of a registered trademark symbol. Simply put, District Court holds that the trademark symbol

---

6491158, at *10 (N.D. Cal. Dec. 10, 2013) (holding similarly); and *Morales v. Unilever U.S., Inc.*, No. CIV. 2:13-2213 WBS E, 2014 WL 1389613, at *1,*7 (E.D. Cal. Apr. 9, 2014) (denying motion to dismiss claims under consumer protection statutes that "TRESemmé Naturals" hair care products contained synthetic ingredients; holding that the court "cannot conclude at [the motion to dismiss] stage of the litigation that a reasonable consumer would not be misled by the term 'natural' or 'Naturals'"); *Orrico v. Nordic Naturals., Inc.*, No. 22-CV-03195-NRM-CLP, 2023 WL 6308015, at *6 (E.D.N.Y. Sept. 28, 2023) ("[T]he Court cannot conclude that no reasonable consumer would interpret the brand name "Nordic Naturals" to indicate that Defendant's Products were, in fact, comprised entirely of natural ingredients."); *York v. Andalou Naturals, Inc.*, 2016 WL 7157555 (S.D. Ill. Dec. 8, 2016) (holding similarly for "Andalou Naturals" representation); *Paulino v. Conopco, Inc.*, No. 14-CV-5145 (JG)(RML), 2015 WL 4895234, at *3–5 (E.D.N.Y. Aug. 17, 2015) (holding similarly for "Suave Naturals" representation); *Goldemberg v. Johnson & Johnson*, 8 F. Supp. 3d 467 (S.D.N.Y. 2014) (holding similarly for "Active Naturals" representation); *Munsell v. Colgate-Palmolive Co.*, 463 F. Supp. 3d 43, 52 (D. Mass. 2020) (holding consumer reliance "on the prominent display of the word 'natural' on the front of the package is, at this stage, a factual question to be addressed on a full record by the factfinder."); *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 558 (W.D.N.Y. 2018) (holding that "natural" labeling could convey to a reasonable consumer that the products lacked synthetic ingredients and form basis for a consumer protection claim); *Binakonsky v. JM Brands, Inc.*, 2022 WL 2757674, at *5 (W.D. Pa. July 14, 2022) (holding similarly); *Early*, 2021 WL 3089025, at *15 (holding similarly for "natural" and "natural remedies" representations).

nullifies any deception to a reasonable consumer. In doing so, the District Court erred because deceptive conduct has been plausibly alleged regardless of the presence of a trademark symbol. Courts throughout the country have found that deceptive conduct is not cured by the use of a brand name or the presence of a registered trademark symbol.[13]

Specific to the facts *sub* judice, courts reviewing brand names containing the "natural" representation have shown that a trade name does not cure deceptive conduct. *See Orrico*, 2023 WL 6308015, at *6 ("[T]he Court cannot conclude that no reasonable consumer would interpret the brand name "Nordic Naturals" to indicate that Defendant's Products were, in fact, comprised entirely of natural ingredients."); *Paulino*, 2015 WL 4895234, at *3–5 (holding similarly for "Suave Naturals"); *Goldemberg*, 8 F. Supp. 3d 467 (holding similarly for "Active Naturals"); *Early*, 2021 WL 3089025, at *15 (holding similarly for "Thayer's Natural Remedies"); *Sebastian,* 2017 WL 6497675, at *4 (holding similarly for

---

[13] *See, e.g.*, *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 897 (N.D. Cal. 2012) ("Avalon Organics" brand name "identif[ies] the contents as organic."); *In re 5-hour ENERGY Mktg. & Sales Pracs. Litig.*, No. MDL 13-2438 PSG PLAX, 2014 WL 5311272, at *2 (C.D. Cal. Sept. 4, 2014) (finding defendant's brand name "5-hour Energy" could form the basis of an express warranty); *Brady v. Bayer Corp.*, 237 Cal. Rptr. 3d 683, 700 (2018) ("We will not assume that the illegible little dot off to the bottom of 'One A Day' on the label—the '®'—is sufficient, as a matter of law, to warn consumers that "One A Day" is only a brand name and conveys no descriptive content. Even sophisticated consumers who might recognize the trademark symbol as indicating a brand name qua brand name still might take the brand name as indicating a promise about the product's content.").

"Natural Care");  *Morales*, 2014 WL 1389613, at *7 (holding similarly for

"TRESemmé Naturals"); *York v. Andalou Naturals*, 2016 WL 7157555 (S.D. Ill.

Dec. 8, 2016) (holding similarly for "Andalou Naturals").

> 5. *The District Court's Reliance on the Asterisk and Its Theory of the Targeted Market Also Fail*

As previously examined, the District Court relies on an erroneous "fact" in

its reasonable consumer analysis. Because the "fact" was assumed without support,

it should be ignored in the reasonable consumer analysis. The District Court states,

"A reasonable consumer would not be expected to ignore the asterisk and the

information it leads to."[14] While a consumer may not be able to ignore language

linked by an asterisk, that does not grant the District Court license to assume the

language that is linked to the asterisk. While the "asterisk language" is unknown,

even if it directed consumers to the ingredient list, the District Court's analysis

would still fail because a reasonable consumer would not know that citric acid and

allura red are synthetic ingredients based *solely* on the names of the ingredients.

*See Orrico*, 2023 WL 6308015, at *5 ("even if a consumer were to turn to the back

label and see these ingredients, they may be no less in the dark as to whether the

composition of Defendant's product is entirely 'natural.'").

---

[14] JA118.

Also previously discussed, the District Court relies upon extrinsic evidence to determine "the target audience of the ad." In doing so, however, the District Court examines the wrong information. The District Court reviewed the Defendant's website as well as the online store of the physical retailer where she purchased the Product. This information is of no relevance because none of those representations were presented to Plaintiff, and thus, could not have played a role in her purchasing decision. The focus of the analysis is the Product's deceptive label, not statements from various websites.

Setting aside erroneous "facts" and extrinsic evidence and viewing the Complaint through the the appropriate standard, Plaintiff adequately pleads deceptive conduct under the reasonable consumer standard and the MCPA.

### D. The District Court Erred When It Held That Plaintiff Failed To Allege a Cognizable Injury

The District Court erroneously held that Plaintiff failed to plead a cognizable injury. "The injury must be "objectively identifiable ... [i]n other words, the consumer must have suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance" on the misrepresentation." *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 270 (D. Md. 2015) (citing *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 143, 916 A.2d 257 (Md. 2007)).

Here, Plaintiff pleads an objectively identifiable loss including, but not limited to, the amount paid for the Product. JA020-022, ¶¶ 60-67; ¶66 ("Given that

Plaintiff and Class Members paid for the Products based on Defendant's misrepresentations that they are "natural," Plaintiff and Class Members suffered an injury in the amount paid."). The amount paid is an objectively identifiable injury. Therefore, Plaintiff has pled an actual injury under the MCPA.

### E. District Court Erred By Dismissing With Prejudice And Not Allowing Plaintiff To Amend The Complaint.

The District Court erred when it dismissed the Complaint with prejudice. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, district courts should deny leave to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

Here, the District Court's dismissal with prejudice and not allowing for amendment was erroneous. The District Court's dismissal should be reversed even without the need to amend the Complaint. This would permit discovery to proceed, at which point Plaintiff would be able to reconfirm Defendant's conduct, and provide supporting evidence sufficient to succeed at summary judgment or trial. But, at a minimum, the District Court should have allowed Plaintiff to amend and, *inter alia*: (i) expand upon allegations that Defendant's label is deceptive; (ii) rebut the District Court's concern about the asterisk and its assumption about the relevant language by including the actual language referenced by the asterisk; (iii)

more thoroughly allege that Plaintiff did not visit Defendant's website or Ulta's web store; and (iv) more thoroughly allege the economic injury. None of these amendments would have been "futile" nor would they have been prejudicial to Defendant or obtained through bad faith. The failure of the District Court to allow any amendment was therefore reversible error.

## CONCLUSION

For the above reasons, the District Court's Order of Dismissal should be REVERSED and the case REMANDED.


Respectfully submitted,

*/s/ Steffan T. Keeton*
Steffan T. Keeton
THE KEETON FIRM LLC
100 S. Commons, Ste. 102
Pittsburgh, PA 15212
stkeeton@keetonfirm.com

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that oral arguments are not necessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Respectfully submitted,

*/s/ Steffan T. Keeton*
Steffan T. Keeton
THE KEETON FIRM LLC
100 S. Commons, Ste. 102
Pittsburgh, PA 15212
stkeeton@keetonfirm.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), the undersigned hereby certifies that thisbrief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B).

1. Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(a)(7)(B) and Fed. R. App. P. 32(f), the brief contains 7,101 words.

2. The brief has been prepared in proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this wordprocessing system in preparing this certificate.

Respectfully submitted,

*/s/ Steffan T. Keeton*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system on September 26, 2024. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished using the appellate CM/ECF system.

Respectfully submitted,

*/s/ Steffan T. Keeton*