# Case No. 24-1753

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

OLUWAKEMI ADEWOL, ET
AL,

*Plaintiff-Appellant*

v.

TGINESIS LLC,

*Defendant-Appellee*

On Appeal from the United States District Court
For the District of Maryland, No. GLR-23-00509
Before the Honorable George L. Russell III

## PETITION FOR REHEARING AND
## REHEARING *EN BANC*

Steffan T. Keeton

The Keeton Firm LLC
100 S. Commons,
Ste. 102
Pittsburgh, PA 15212
Telephone: (888) 412-5291
stkeeton@keetonfirm.com

*Counsel for Appellant*

# TABLE OF CONTENTS

RULE 40(b) STATEMENT OF PURPOSE ...................................................... 1

ARGUMENT ................................................................................................. 5

    A.    The Panel's adoption of the District Court's independent investigation and use of extrinsic evidence conflicts with this Court's precedent and requires rehearing. ................................................................................................. 8

    B.    The Panel's adoption of the District Court's refusal to properly apply *Iqbal* and *Twombly* requires rehearing. ........................................................... 10

        1.    *Twombly* does not give the District Court license to choose which facts to believe. ..................................................................................................... 11

        2.    Plaintiff plausibly alleges Defendant's deceptive "natural" representation violates the Maryland Consumer Protection Act. ................................. 14

    C.    The Panel's adoption of the District Court's erroneous facts requires rehearing. ............................................................................................... 17

    D.    The Panel's adoption of the District Court's ignoring Plaintiff's properly pled cognizable injury requires rehearing. ............................................ 18

CONCLUSION ........................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*,
   367 F.3d 212 (4th Cir. 2004) ...............................................................4, 11

*Bell v. Publix Super Markets, Inc.*,
   982 F.3d 468 (7th Cir. 2020) ............................................................6, 14, 20

*Binakonsky v. JM Brands, Inc.*,
   2022 WL 2757674 (W.D. Pa. July 14, 2022) ...........................................10

*COBOVIC v. MARS PETCARE US, INC.*,
   2025 WL 1726261 (E.D.N.Y. June 20, 2025) ...........................................8

*Corpuz v. Bayer Corp.*,
   2024 WL 69908 (S.D. Cal. Jan. 5, 2024) ...................................................9

*Dumont v. Reily Foods Co.*,
   934 F.3d 35 (1st Cir. 2019) .......................................................................18

*Electric Props. East, LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ....................................................................20

*Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.*,
   23 F.4th 1195 (9th Cir. 2022) ...................................................................15

*Fleming v. Dr. Squatch, LLC*,
   2024 WL 1676943 (N.D. Ill. Apr. 18, 2024) .............................................9

*Giant Food, Inc. v. F.T.C.*,
   322 F.2d 977 (D.C. Cir. 1963) ..................................................................20

*Goetz v. Ainsworth Pet Nutrition, LLC*,
   768 F. Supp. 3d 645 (S.D.N.Y. 2025) .......................................................9

*Goldemberg v. Johnson & Johnson*,
   8 F. Supp. 3d 467 (S.D.N.Y. 2014) ..........................................................10

*Hill, By & Through Covington v. Briggs & Stratton*,
   856 F.2d 186 (4th Cir. 1988) ....................................................................15

*Holve v. McCormick & Co., Inc.*,
   334 F. Supp. 3d 535 (W.D.N.Y. 2018) ....................................................10

*In re Gilead Scis. Sec. Litig.,*
   536 F.3d 1049 (9th Cir. 2008) ................................................................................ 16

*Jou v. Kimberly-Clark Corp.,*
   2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) ............................................................ 9

*Lozano v. Walmart, Inc.,*
   2024 WL 412606 (C.D. Cal. Feb. 1, 2024) ................................................................ 9

*Maisel v. S.C. Johnson & Son, Inc.,*
   2021 WL 1788397 (N.D. Cal. May 5, 2021) .............................................................. 9

*Moore v. Mars Petcare US, Inc.,*
   966 F.3d 1007 (9th Cir. 2020) ................................................................................ 18

*Moore, v. GLAXOSMITHKLINE,*
   2021 WL 3524047 (N.D. Cal. Aug. 6, 2021) ............................................................. 9

*Morales v. Unilever U.S., Inc.,*
   2014 WL 1389613 (E.D. Cal. Apr. 9, 2014) .............................................................. 9

*Munsell v. Colgate-Palmolive Co.,*
   463 F. Supp. 3d 43 (D. Mass. 2020) ........................................................................ 10

*Nolan v. Lab'y Corp. of Am. Holdings,*
   No. 23-1282, 2024 WL 1554760 (4th Cir. Apr. 10, 2024) ...................................... 15

*Orrico v. Nordic Naturals., Inc.,*
   2023 WL 6308015 (E.D.N.Y. Sept. 28, 2023) .......................................................... 9

*Paulino v. Conopco, Inc.,*
   2015 WL 4895234 (E.D.N.Y. Aug. 17, 2015) .......................................................... 10

*Reid v. Johnson & Johnson,*
   780 F.3d 952 (9th Cir. 2015) .................................................................................. 19

*Robinson v. Williams,*
   59 F.4th 113 (4th Cir. 2023)............................................................................... 7, 21

*Rochon v. City of Angola, La.,*
   122 F.3d 319 (5th Cir. 1997) .................................................................................. 15

*Sebastian v. Kimberly-Clark Corp.*,
    2017 WL 6497675 (S.D. Cal. Dec. 18, 2017) ............................................... 9

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011). ...................................................... 15, 17

*Whitney v. Guys, Inc.*,
    700 F.3d 1118 (8th Cir. 2012). ............................................................ 16

*York v. Andalou Naturals, Inc.*,
    2016 WL 7157555 (S.D. Ill. Dec. 8, 2016) ............................................... 9

**Rules**

Fed. R. Civ. P. 8(a)(2) ............................................................................ 14

# **RULE 40(b) STATEMENT OF PURPOSE**

In counsel's judgment, the panel should rehear this appeal, or the full Court should rehear it *en banc*, for four reasons that Federal Rule of Appellate Procedure 40(b) and Local Rule 40(b) authorize. Each of these four reasons consist of a material factual or legal matter that was overlooked in the decision, and in multiple instances, these errors additionally conflict with a decision of the Unites States Supreme Court or this Court.

First, the panel's opinion conflicts with this Court's decision in *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). In *Trigon*, the Court held that while "as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." Simply put, extrinsic evidence cannot be considered at the Rule 12 stage unless a defendant attaches it to a motion to dismiss *and* it was integral and

explicitly relied upon by plaintiff *and* there is no challenge to its authenticity.

The District Court fails to satisfy each element. When Defendant attempted to introduce information from the Ulta website in its motion to dismiss, Plaintiff challenged it by stating that the extrinsic evidence was not integral nor explicitly relied upon because she was never exposed to the extrinsic evidence. JA082. Moreover, she contested the authenticity of the evidence. JA082. The District Court's reliance on this material – alone – would violate this Court's precedent, but the District Court went further beyond its restrictions by conducting its own evidence investigation by relying upon information contained on Defendant's website over a year after the filing of the case and without Plaintiff's reliance on the website. Simply put, the District Court conducted its own investigation and relied on materials that were never exposed to Plaintiff and likely "adjusted" by Defendant in the 16-month period after Plaintiff filed her case. After relying on its independent investigation, the District Court dismissed Plaintiff's case without leave to amend. In affirming the District Court's violation of this Court's

precedent, the panel erred because it declined to consider the District Court's conduct — contravening *Trigon*.

Second, the panel's opinion conflicts with the hallmark *Twombly* and *Iqbal* standards outlined by the Supreme Court of the United States. Under *Twombly* and *Iqbal*, Rule 8 is not a docket clearing device. In contrast, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. Once a plaintiff presents a plausible case, it is not a court's role to balance a defendant's defenses: that is the role of the factfinder, not a judge reviewing a Rule 12 motion. Here, Plaintiff's theory of her case was not only consistent with similar cases in district courts from coast to coast but also supported by academic studies, FDA guidance, FTC guidance, and public reviews of the products in question by putative class members that were similarly deceived. "These are matters of fact, subject to proof that can be tested at trial, even if as judges we might be tempted to debate and speculate further about them." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 481 (7th Cir. 2020). In affirming the District Court's violation of Supreme Court precedent, the panel erred.

Third, the panel's opinion conflicts with the facts because District Court "imagines" facts that do not exist. The District Court's use – and the panel's adoption thereof – of erroneous facts warrants reversal and failure to reverse conflicts with this Court's precedent. *Robinson v. Williams*, 59 F.4th 113, 119 (4th Cir. 2023) (vacating summary judgment and remanding where district court erroneously stated a critical fact). The District Court contends that the asterisk on the Product leads consumers to the ingredients section, and that information somehow alerts consumers that the Product contains synthetic ingredients. This is incorrect. The asterisk actually leads to the following statement: "This statement has not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease." The record is devoid of this text because neither the District Court nor either Party included this information in any of their filings. The District Court created this fact from thin air, and the panel erred by adopting this clear error.

Fourth, the panel's opinion also conflicts with the clear wording of the complaint by affirming the District Court's erroneous conclusion that Plaintiff failed to plead a cognizable injury. This is not true. *See*

JA020-022, ¶¶ 60-67; ¶66 ("Given that Plaintiff and Class Members paid for the Products based on Defendant's misrepresentations that they are "natural," Plaintiff and Class Members suffered an injury in the amount paid.").

## ARGUMENT

This case – after receiving a careful analysis- should be reversed and remanded.

Until this point, this case has never been properly analyzed. The District Court erroneously dismissed the case without oral argument or leave for amendment. The panel affirmed this dismissal without oral argument or any analysis. Instead of analysis, the panel provided a boilerplate conclusion: "We have reviewed the record and find no reversible error."

While some cases are meritless and may be disposed without review, this case is not one of those cases. Plaintiff pled a reasonable, plausible case. Similar cases near-universally survive motions to dismiss in district courts from coast to coast.[1] Instead of carefully

---

[1] *See, e.g., COBOVIC v. MARS PETCARE US, INC.*, 2025 WL 1726261, at *4 (E.D.N.Y. June 20, 2025) ("Courts in this Circuit have repeatedly held that labelling a product that contains synthetic and/or artificial

ingredients as 'natural' may be false or misleading"); *Goetz v. Ainsworth Pet Nutrition, LLC*, 768 F. Supp. 3d 645, 655 (S.D.N.Y. 2025) (finding reasonable "Plaintiffs' central claim is that Defendants' packaging prominently features the word 'natural,' which Plaintiffs took to mean that the products were made without synthetic ingredients."); *Fleming v. Dr. Squatch, LLC*, 2024 WL 1676943, at *1 (N.D. Ill. Apr. 18, 2024) (rejecting similar arguments against "MEN'S NATURAL SHAMPOO"); *Corpuz v. Bayer Corp.*, 2024 WL 69908, at *3 (S.D. Cal. Jan. 5, 2024) (holding that "natural" may plausibly indicate that a product does not contain synthetic ingredients); *Lozano v. Walmart, Inc.*, 2024 WL 412606, at *10 (C.D. Cal. Feb. 1, 2024) (holding that "natural" plausibly informs consumers that a product does not contain synthetic ingredients). *Moore, v. GLAXOSMITHKLINE*, 2021 WL 3524047, at *8 (N.D. Cal. Aug. 6, 2021) ("Numerous courts in the Ninth Circuit have found it plausible that a reasonable consumer could understand similar 'natural' statements, including '100% natural,' 'natural,' and 'naturally-sourced,' to mean that a product does not contain any non-natural ingredients."); *Maisel v. S.C. Johnson & Son, Inc.*, 2021 WL 1788397, at *3 (N.D. Cal. May 5, 2021) (accepting plaintiff's interpretation that "natural" labeling could be interpreted by a reasonable consumer as containing only natural ingredients); *Sebastian v. Kimberly-Clark Corp.*, 2017 WL 6497675 (S.D. Cal. Dec. 18, 2017) (holding that "Natural Care" product name could lead a reasonable consumer to believe that the product is free of synthetic ingredients); *Jou v. Kimberly-Clark Corp.*, 2013 WL 6491158, at *10 (N.D. Cal. Dec. 10, 2013) (holding similarly); and *Morales v. Unilever U.S., Inc.*, 2014 WL 1389613, at *1,*7 (E.D. Cal. Apr. 9, 2014) (denying motion to dismiss claims under consumer protection statutes that "TRESemmé Naturals" hair care products contained synthetic ingredients; holding that the court "cannot conclude at [the motion to dismiss] stage of the litigation that a reasonable consumer would not be misled by the term 'natural' or 'Naturals'"); *Orrico v. Nordic Naturals., Inc.*, 2023 WL 6308015, at *6 (E.D.N.Y. Sept. 28, 2023) ("[T]he Court cannot conclude that no reasonable consumer would interpret the brand name "Nordic Naturals" to indicate that Defendant's Products were, in fact, comprised entirely of natural ingredients."); *York v. Andalou Naturals, Inc.*, 2016 WL 7157555 (S.D. Ill. Dec. 8, 2016) (holding similarly for "Andalou

analyzing the complaint, the District Court committed numerous reversible errors. First, the District Court conducted an improper investigation that relied upon information that was never presented to Plaintiff prior to her purchase but was available on the Defendant's website – when reviewed by the District Court – two years after her purchase and 16 months after the filing of her complaint.[2] Second, the District Court ignored the dictates of *Twombly* and *Iqbal* and improperly acted as the factfinder in a Rule 12 proceeding. Third, the

---

Naturals" representation); *Paulino v. Conopco, Inc.*, 2015 WL 4895234, at *3–5 (E.D.N.Y. Aug. 17, 2015) (holding similarly for "Suave Naturals" representation); *Goldemberg v. Johnson & Johnson*, 8 F. Supp. 3d 467 (S.D.N.Y. 2014) (holding similarly for "Active Naturals" representation); *Munsell v. Colgate-Palmolive Co.*, 463 F. Supp. 3d 43, 52 (D. Mass. 2020) (holding consumer reliance "on the prominent display of the word 'natural' on the front of the package is, at this stage, a factual question to be addressed on a full record by the factfinder."); *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 558 (W.D.N.Y. 2018) (holding that "natural" labeling could convey to a reasonable consumer that the products lacked synthetic ingredients and form basis for a consumer protection claim); *Binakonsky v. JM Brands, Inc.*, 2022 WL 2757674, at *5 (W.D. Pa. July 14, 2022) (holding similarly); *Early v. Henry Thayer Co., Inc.*, 2021 WL 3089025, at *15 (E.D. Mo. July 22, 2021) (holding similarly for "natural" and "natural remedies" representations).

[2] Plaintiff purchased the Product in May 2022 and filed her Complaint in February 2023. The District Court reviewed Defendant's website on June 26, 2024.

District Court created facts that are not supported by any evidence. Fourth, the District Court ignored Plaintiff's adequately pled injury.

After committing these errors, the District Court swiftly dismissed the case with prejudice. A careful review of the record and a rehearing supports reversal of the District Court's dismissal.

## A. The Panel's adoption of the District Court's independent investigation and use of extrinsic evidence conflicts with this Court's precedent and requires rehearing.

The District Court's opinion – adopted *in toto* by the panel – conflicts with this Court's decision in *Trigon*, 367 F.3d at 234. In *Trigon*, the Court held that while "as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." Simply put, extrinsic evidence cannot be considered at the Rule 12 stage unless a defendant attaches it to a motion to dismiss and it was integral and explicitly relied upon by plaintiff and there is no challenge to its authenticity.

The District Court fails to satisfy each element. When Defendant attempted to introduce information from the Ulta website in its motion to dismiss, Plaintiff challenged it by stating that the extrinsic evidence was not integral nor explicitly relied upon because she was never exposed to the extrinsic evidence. JA082. Moreover, she contested the authenticity of the evidence. JA082. The District Court's reliance on this material – alone – would violate this Court's precedent, but the District Court went further beyond its restrictions by conducting its own evidence investigation by relying upon information contained on Defendant's website over a year after the filing of the case and without Plaintiff's reliance on the website. Simply put, the District Court conducted its own investigation and relied on materials that were never exposed to Plaintiff and likely "adjusted" by Defendant in the 16-month period since Plaintiff filed her case. After relying on its independent investigation, the District Court dismissed Plaintiff's case without leave to amend. In affirming the District Court's violation of this Court's precedent, the panel has erred because the panel's opinion declined to consider the District Court's conduct in direct conflict with *Trigon*.

## B. The Panel's adoption of the District Court's refusal to properly apply *Iqbal* and *Twombly* requires rehearing.

The District Court failed to accept the factual allegations in the Complaint as true and construe the allegations in the light most favorable to Plaintiff. While the District Court may have preferred an alternative interpretation of the Product's label, that is insufficient to dismiss the case with prejudice.

In dismissing the case, the District Court held that the Product label is not deceptive to a reasonable consumer. The District Court supports this finding by disregarding the Complaint's numerous citations to academic studies,[3] FDA guidance,[4] FTC guidance,[5] and even public product reviews showing other class members that have been similarly deceived,[6] by finding that "natural" is not synonymous with "100% natural" to a reasonable consumer.

The critical flaw in the District Court's analysis is that its conclusion is foundationed on the District Court's belief that its interpretation is the only accurate interpretation. It is improper to rule

---

[3] JA014, ¶40 n.10.

[4] JA017, ¶48(b) n.15.

[5] JA013-014, ¶36; ¶38; ¶39 n.9.

[6] JA019, ¶58.

definitively on these facts at this stage simply because there might be a competing argument or defense presented to the court. *See Bell*, 982 F.3d at 481 ("These are matters of fact, subject to proof that can be tested at trial, even if as judges we might be tempted to debate and speculate further about them.").

### 1. *Twombly* does not give the District Court license to choose which facts to believe.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the United State Supreme Court has interpreted Rule 8(a) in the *Twombly/Iqbal* line of cases, a sufficiently pled claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *accord Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In evaluating a motion to dismiss under Rule 12(b)(6), the court is required to "accept as true the well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Nolan v. Lab'y Corp. of Am. Holdings*, 2024 WL 1554760, at *4 (4th Cir. Apr. 10, 2024). "[D]ismissal will be affirmed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rochon v. City of Angola, La.*, 122 F.3d 319, 320 (5th Cir. 1997); *accord Ernst & Haas Mgmt. v. Hiscox, Inc.*, 23 F.4th 1195, 1199 (9th Cir. 2022). "In accordance with Federal Rules liberal policy towards pleadings, the motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted." *Hill, By & Through Covington v. Briggs & Stratton*, 856 F.2d 186 (4th Cir. 1988). The pleading "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Rule 8 is not a docket clearing device. "The plausibility standard is not akin to a 'probability requirement' . . . ." *Iqbal*, 556 U.S. at 678. On the contrary, "a well-pleaded complaint may proceed even if it strikes a

savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556; *accord In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) (finding that trial court's "incredulity" was not a proper ground for granting a motion to dismiss and faulting the court for being "unwilling to accept" allegations as true). The plausibility requirement is objective and is not "measured with reference to what a particular . . . judge deems to be subjectively reasonable behavior." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1130 (8th Cir. 2012).

Unfortunately, the District Court did not adhere to these rules. Instead of viewing the alleged facts in the light most favorable to Plaintiff and drawing reasonable inferences in Plaintiff's favor, the District Court found the factual allegations unpersuasive and dismissed them. In its review, the District Court adopted the Defendant's interpretation of the product label, sought extrinsic evidence to support that interpretation, erroneously relied upon the "fact" concerning the asterisk, and ignored Plaintiff's well-pled and well-cited Complaint.

This erroneous approach in analyzing the pleadings runs afoul of both precedent of the Supreme Court of the United States and the

Fourth Circuit. The reasonable consumer's interpretation of the Product's label is an issue of fact that cannot be resolved at this stage because it is a disputed fact. When the proper standard is applied, it is clear that Plaintiff's claims were adequately pled, and the District Court should have denied the motion to dismiss.

## 2. Plaintiff plausibly alleges Defendant's deceptive "natural" representation violates the Maryland Consumer Protection Act.

Plaintiff sufficiently alleges that Defendant's deceptive "natural" representation violates the MCPA. The deceptive conduct is tied to Defendant's false and misleading product packaging. The central question presented is whether a reasonable consumer could be misled by the Product's label.

When Plaintiff's allegations are accepted as true, construed in the light most favorable to Plaintiff, and reasonable inferences are drawn therefrom, it is clear her claims are properly pled. Plaintiff has sufficiently alleged the "underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Starr*, 652 F.3d at 1216. As discussed in detail above, Defendant represented that the Product is natural by denominating it as such using word

"NATURAL" in a large, capitalized font on the front label. In truth, the Product contains numerous synthetic ingredients. Defendant simply affixed the capitalized word "NATURAL" to the labeling to make its products more appealing to the consuming public, thereby enabling it to increase sales and charge a premium price. The studies and surveys cited by Plaintiff confirm and bolster the Complaint's factual allegations. This is not merely a "formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555. Rather, this detailed pleading is in full compliance with Rule 8(a) and, furthermore, Rule 9(b).

An allegation of deceptiveness is not a conclusion or question of law that the court can simply reject on a motion to dismiss based on the individual judge's evaluation of whether the defendant's alleged conduct is deceptive. Vitally, under the reasonable consumer standard, "[w]hether a practice is deceptive will usually be a question of fact not appropriate for decision on demurrer or motions to dismiss." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020); *see also Dumont v. Reily Foods Co.*, 934 F.3d 35, 41 (1st Cir. 2019) ("[W]e think it best that six jurors, rather than three judges, decide on a full record

whether the challenged label 'has the capacity to mislead' reasonably acting, hazelnut-loving consumers."). The reasonable consumer standard "raises questions of fact that are appropriate for resolution on a motion to dismiss only in 'rare situation[s].'" *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). There were ample facts alleged from which a trier of fact could find Defendant's practices deceptive. The Complaint's allegations are supported by numerous sources including academic studies,[7] FDA guidance,[8] FTC guidance,[9] and even public product reviews showing the experiences of other class members that have been similarly deceived.[10]

To the extent that the District Court might agree with another potentially plausible interpretation, that is not dispositive. Simply put, when a Plaintiff presents a plausible theory of deception, her burden is met regardless of the existence of another plausible interpretation. In other words, "a tie goes to the plaintiff when there are multiple plausible theories at the pleadings stage of litigation." *Electric Props.*

---

[7] JA014, ¶40 n.10.
[8] JA017, ¶48(b) n.15.
[9] JA013-014, ¶36; ¶38; ¶39 n.9.
[10] JA019, ¶58.

*East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 999 n.8 (9th Cir. 2014); *see also Giant Food, Inc. v. F.T.C.*, 322 F.2d 977, 981 (D.C. Cir. 1963) (a statement or omission may convey more than one reasonable meaning, and if one of those meanings is deceptive, it is an actionable deception.). Rather, where, as here, "a plaintiff's interpretation of a challenged statement is *not* facially illogical, implausible, or fanciful, then a court may *not* conclude that it is nondeceptive as a matter of law." *Bell*, 982 F.3d at 493 (Kanne, J., concurring).

## C. The Panel's adoption of the District Court's erroneous facts requires rehearing.

The panel adopted the District Court's erroneous "facts" in conflict with this Court's precedent. The District Court assumed critical evidence that was not presented by any Party to the action and relied upon this "evidence" in dismissing the case with prejudice. The District Court erroneously states and relies upon the critical "fact" that the asterisk on the front label directs the consumer to the ingredients list. The asterisk does not, and in creating this critical "fact," the District Court dismissed the action. At bottom, the District Court created this "fact" without any evidence, and then relied upon this "fact" when it held that no reasonable consumer could be deceived by the "natural"

representation. This is improper and conflicts with this Court's precedent. *Robinson v. Williams*, 59 F.4th 113, 119 (4th Cir. 2023) (vacating summary judgment and remanding where district court erroneously stated a critical fact).

### D. The Panel's adoption of the District Court's ignoring Plaintiff's properly pled cognizable injury requires rehearing.

The District Court erroneously held that Plaintiff failed to plead a cognizable injury. In its rush to dismiss the case – and without leave to amend to highlight or clarify the injuries described in the Complaint – the District Court overlooked the fact that Plaintiff pleads an objectively identifiable loss including, but not limited to, the amount paid for the Product. JA020-022, ¶¶ 60-67; ¶66 ("Given that Plaintiff and Class Members paid for the Products based on Defendant's misrepresentations that they are "natural," Plaintiff and Class Members suffered an injury in the amount paid."). The amount paid is an objectively identifiable injury. Therefore, Plaintiff has pled an actual injury under the MCPA.

Whether the District Court determines that other injuries are not sufficiently pled is irrelevant when Plaintiff pleads sufficiently at least

one injury, and leans on perceived deficiencies in these other injuries, is insufficient to dismiss a case with prejudice.

## <u>CONCLUSION</u>

This Court should grant rehearing or rehearing *en banc* because the panel – without any analysis – affirmed the District Court's error-filled dismissal.

In doing so, the panel – in a boilerplate fashion – allowed the District Court to violate precedent of this Court and the Supreme Court of the United States while also creating "facts" and relying upon those "facts" to dismiss the case with prejudice and without any oral argument.

For justice to be achieved, this case must be reheard.

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), the undersigned hereby certifies that thisbrief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B).

1. Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(a)(7)(B) and Fed. R. App. P. 32(f), the brief contains 3,883 words.

2. The brief has been prepared in proportionally spaced typeface usingMicrosoft Word in 14-point Century Schoolbook font. As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Respectfully submitted,

*/s/ Steffan T. Keeton*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system on June 27, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished using the appellate CM/ECF system.

Respectfully submitted,

*/s/ Steffan T. Keeton*